O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>Petitioner,<br><br>v.<br><br>JERRY BROWN, et al.,<br><br>Respondents. | Case No. 2:18-cv-06191-R-KES<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

On or about June 13, 2018, Petitioner Kohen Diallo Uhuru ("Petitioner"), an inmate at the California Men's Colony ("CMC"), constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 1 [signature date].) The Petition was accompanied by a request to proceed in forma pauperis ("IFP"). (Dkt. 1 at 9.) Under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, a habeas petition filed by a person in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

"The Supreme Court has recognized that '[f]ederal law opens two main avenues to relief on complaints related to imprisonment: [1] a petition for habeas corpus, 28 U.S.C. § 2254, and [2] a complaint under the Civil Rights Act of 1871

1

… 42 U.S.C. § 1983.'" Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (citing Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)). In this case, Petitioner chose to pursue a habeas petition under § 2254, not a civil rights claim under § 1983. Federal habeas relief is available "only on the ground that [an inmate] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Civil rights claims, on the other hand, can be used to remedy the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person acting under color of state law. 42 U.S.C. § 1983. In other words, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Nettles, 830 F.3d at 927 (citing Muhammad, 540 U.S. at 750).

While Petitioner used a form for § 2254 petitions, his Petition does not state any cognizable claim for federal habeas relief. The Petition does not challenge the fact or duration of his confinement. Instead, Petitioner alleges that Respondents (who include CMC staff members, a chaplain, and the governor of California) violated his First Amendment free exercise rights by prohibiting group prayer and worship for Nubian Hebrew Israelites, scheduling conflicting services during the Nubian Hebrew Israelites' requested time, spraying him with a fire extinguisher for praying out loud, refusing to serve banquets with food religiously significant to Nubian Hebrew Israelites, and denying "inclusiveness between spiritual and secular musical lyrics." (Petition at 5-6.) Petitioner further alleges that Respondents violated his Eighth Amendment right to be free of cruel and unusual punishment by spraying him with a fire extinguisher and transporting him on a bus without seatbelts. (Id. at 5.) Finally, Petitioner alleges that Respondents violated his First Amendment free speech rights by prohibiting him from making charitable contributions. (Id. at 6.) None of these claims entitle Petitioner to habeas relief.

If the Court were to construe Petitioner's filing as a civil rights complaint under 42 U.S.C. § 1983, then Petitioner would be unable to proceed IFP because he has accumulated three strikes pursuant to 28 U.S.C. § 1915(g). See <u>Uhuru v. Paramo</u>, Case No. 2:17-cv-3098-R-KES (C.D. Cal. 2017), Dkt. 4 (denying IFP and identifying strikes).

IT IS THEREFORE ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

DATED: July 30, 2018

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented By:

_____
Karen E. Scott
United States Magistrate Judge